UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD N. THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-01679-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF NOT BE ALLOWED TO PROCEED *IN FORMA PAUPERIS* IN THIS ACTION |

Plaintiff Edward N. Thomas is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on November 17, 2020. (ECF No. 1.) Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court recommends that Plaintiff not be allowed to proceed *in forma pauperis* and that Plaintiff instead be required to pay the filing fee if he wishes to proceed with this action.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Thomas v. Terhune, Case No. 1:03-cv-05467-REC-SMS (PC) (E.D. Cal.) (dismissed on April 18, 2006 for failure to state a claim; (2) Thomas v. Parks, Case No. 18-16947 (9th Cir.) (appeal dismissed because "the appeal is so insubstantial as to not warrant further review");[1] (3) Thomas v. Parks, Case No. 19-15193 (9th Cir.) (appeal dismissed because "the appeal is so insubstantial as to not warrant further review"); and (4) Thomas v. Davey, Case No. 18-16017 (9th Cir.) (appeal dismissed because "the appeal is so insubstantial as to not warrant further review"). Plaintiff has been informed in other cases that he is subject to § 1915(g). See Thomas v. Parks, Case No. 1:16-cv-01393-LJO-JLT (E.D. Cal.) (dismissed for failure to pay filing fee after denial of in forma pauperis status under § 1915(g)); Thomas v. Pfeiffer, Case No. 1:19-01489-DAD-EPG (E.D. Cal.) (dismissed for failure to pay filing fee after denial of in forma pauperis status under 1915(g)).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on November 17, 2020. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial,

---

[1] See McCoy v. Enenmoh, 2014 WL 2524010, at *2 (E.D. Cal. June 4, 2014) (finding an appeal that was dismissed as "'so insubstantial as not to require further argument'" counted as a strike under § 1915(g)).

as are any subsequent conditions. Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  Plaintiff "asserts that his life safety welfare and wellbeing are in continuous imminent danger and due to the issuance of five (5) fraudulent, f[]abricated and falsified disciplinary rule violation reports of claimed infractions…."  Plaintiff claims he has been physically beaten and assaulted by officers at Kern Valley State Prison on September 16, 2019, December 19, 2019, and June 6, 2020, resulting in physical injuries.  Plaintiff further claims he has not been afforded a fair disciplinary hearing and his personal property was confiscated in violation of his due process rights.  While the Court does not seek to minimize the alleged events from which plaintiff's claims arise, those events nonetheless occurred in 2019 and June 2020, and there are no allegations in the complaint that would support a finding that Plaintiff, at the time he filed suit on November 17, 2020, was then under imminent danger of serious physical injury.  Moreover, Plaintiff's claims arise from actions taken by prison officials at Kern Valley State Prison, yet Plaintiff had been transferred to California State Prison, Sacramento, prior to initiation of this action.  (ECF No. 1.)  Thus, the incidents at issue in the complaint occurred at a different facility and well before the filing of the instant complaint, and there are no factual allegations in his complaint that raise a reasonable inference that he was facing imminent danger of serious physical injury at the time that he initiated this action. See Andrews, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); see also Turner v. Allison, No. 18-cv-02061-YGR (PR), 2019 WL 1230437, at *2 (N.D. Cal. Mar. 15, 2019) ("None of these alleged incidents of excessive force occurred at the prison[ ] where Plaintiff was incarcerated at the time he filed his complaint...."); Williams v. Passini, No. 2:17-cv-01362 KJM CKD P, 2018 WL 4215972, at *3–4 (E.D. Cal. Sept. 5, 2018); Granda v. Jensen, No. ED CV 18-426-CAS (PLA), 2018 WL 6163113, at *3 (C.D. Cal. Apr. 24, 2018).  Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here, and Plaintiff is precluded from proceeding *in forma pauperis* in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the $400.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 2, 2020__

UNITED STATES MAGISTRATE JUDGE