UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD N. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>　　　　　Defendants. | No.  1:20-cv-01679-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 6) |

　　　　Plaintiff Edward N. Thomas is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On December 3, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action because:  (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g).  (Doc. No. 6 at 2–4.)  Specifically, as to the former ground, the magistrate judge finds that the undersigned has already denied *in forma pauperis* status once to plaintiff under 1915(g) in *Thomas v. Pfeiffer*, No. 1:19-cv-01489-DAD-EPG (E.D. Cal.).  (Doc. No. 6 at

1

1  2.)  As to the latter ground, the findings and recommendations conclude that plaintiff's alleged imminent harm occurred at a different facility and well before the filing of the instant complaint. (*Id*. at 3.)  Therefore, "there are no factual allegations in [plaintiff's] complaint that raise a reasonable inference that he was facing imminent danger of serious physical injury at the time that he initiated this action."  (*Id.*)

Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 4.)  On December 21, 2020 the magistrate judge granted plaintiff an extension of time to file objections to the findings and recommendations.  (Doc. No. 13.)  Plaintiff filed objections on January 25, 2021.  (Doc. No. 14.)  Therein, plaintiff appears to argue that he is still in imminent danger "at the hands of these CSP-Sacramento prison staff correctional officers," though he offers no evidence or facts as to how that is the case.  (Doc. No. 14 at 6.)  Plaintiff also appears to repeat formerly made arguments that his past dismissals should not count as strikes.  (*Id*.)  Plaintiff's objections fail to show how he has plausibly pled an ongoing danger as opposed to merely alleging past injuries or adverse administrative actions by defendants.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007).  Moreover, the court has previously found that plaintiff suffered three prior strike dismissals under § 1915(g).  *See Thomas v. Parks*, No. 116-cv-01393-LJO-JLT, 2018 WL 4373021, at *1 (E.D. Cal. Sept. 13, 2018).  Plaintiff's objections, therefore, do not dissuade the court from adopting the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on December 3, 2020 (Doc. No. 6), are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 8) is denied;

/////

3. Within twenty-one (21) days following service of this order, plaintiff shall pay the required $400.00 filing fee in full to proceed with this action;

4. Plaintiff's failure to pay the filing fee within the specified time will result in the dismissal of this action; and

5. This matter is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 12, 2021**

_____
UNITED STATES DISTRICT JUDGE